Appeal of **ESTATE of EMILY WOOD, LE-**       Docket No. 696.
      **LAND   STANFORD   WOOD,**
      executor.

Submitted March 17, 1925; decided April 7, 1925.

*Rolland L. Nutt, Esq.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This is an appeal from a determination of a deficiency in income tax for the taxable year 1919. The appeal was originally set for hearing January 19, was continued to February 10, and was then

continued to March 17. All these continuances were granted upon representations that time was needed in which to prepare for trial of the appeal. On the call of the calendar on March 17, counsel for the taxpayer again moved for a continuance, alleging "that the preparation of the taxpayer's case has entailed such detailed search through outside sources in the matter of stock transactions which has not been completed."

It appearing to the Board that the taxpayer has been unnecessarily dilatory in the preparation of the appeal, this motion for a continuance was denied, and the appeal was taken under submission upon the allegations of the petition and the facts admitted by the answer.

#### FINDINGS OF FACT.

The taxpayer is the executor of the Estate of Emily Wood, deceased.

On or about September 19, 1924, the Commissioner transmitted to the taxpayer a deficiency letter, not in evidence, and on or about April 8, 1924, an examining revenue agent made a report, also not in evidence.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

JAMES: In the foregoing appeal no material fact alleged by the taxpayer in the petition was admitted by the Commissioner. The taxpayer was granted three separate opportunities to appear and present evidence in support of the petition. On each of these three occasions, the taxpayer failed to avail himself of the opportunity so extended. In justice to taxpayers prepared to prosecute their appeals, the Board may not permit its calendar to be encumbered by taxpayers who by themselves or through their counsel adopt dilatory tactics to delay the hearing of their appeals.

There being no evidence on which the Board can act in this appeal, the determination of the Board must be that the deficiency heretofore determined by the Commissioner is approved.